IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

ANDY'S FROZEN CUSTARD, INC., )
a Missouri corporation, and )
)
ANDY'S FROZEN CUSTARD )
FRANCHISING, LLC, )
a Missouri limited liability company, )
)
      Plaintiffs, ) Case No. 2:20-cv-4258
)
  v. )
)
ANDREW A. NAEGER, an individual, )
)
BETH JOHNSTON, an individual, )
d/b/a ADDY'S PIZZA, and )
)
ST ROBERT PIZZA, INC., )
a Missouri corporation, )
)
      Defendants. )

# ORDER

Before the Court is Defendants' Motion to Dismiss Case (Doc. 48). Defendants argue for dismissal of Counts IV and VI of the Second Amended Complaint pursuant to Rule 12(b)(6). For the reasons set forth herein, the Motion is **DENIED**.

## BACKGROUND

Plaintiffs Andy's Frozen Custard, Inc. and Andy's Frozen Custard Franchising, LLC ("Plaintiffs") filed their First Amended Complaint ("Complaint") against Andrew A. Naeger, an individual, Beth Johnston, an individual, d/b/a Addy's Pizza, and St Robert Pizza, Inc., a Missouri corporation on February 4, 2021. The Complaint includes five counts: federal trademark infringement (Count I), counterfeiting (Count II), false designation of origin (Count III), common

1

law trademark infringement (Count IV), unfair competition under Missouri common law (Count V), and violation of Missouri's anti-dilution statute (Count VI).

Plaintiffs have more than 101 frozen custard centered restaurants in 14 states, with more under construction. This action arises out of Defendants' alleged use of the trademarked name "ANDY'S" to offer restaurant services in St Robert, Missouri, and Camdenton, Missouri. Plaintiffs claim they have spent substantial time, money, and effort in developing consumer recognition and awareness of its ANDY'S brand. Furthermore, Plaintiffs claim through extensive, longstanding use of its ANDY'S mark, they have built of significant goodwill in their services.

## STANDARD

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of the complaint. *NEXTEP, LLC v. Kaba Benzing America, Inc.*, 2007 WL 4218977, *1 (E.D. Mo. 2007). When considering a 12(b)(6) motion, the factual allegations of a complaint are assumed true and are considered in the light most favorable to the plaintiff. *Id.* To avoid dismissal for failure to state a claim, Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id*. This statement requires that the plaintiff give the defendant facts sufficient to give fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Id.* The court may dismiss the complaint when it is clear that no relief can be granted under any set of facts that could be proved consistent with the complaint. *See* id.

## DISCUSSION

A. Count IV Common Law Trademark Infringement

Defendants argue that Count IV of Plaintiffs' complaint must be dismissed because Plaintiffs have failed to plead that their purported mark has acquired secondary meaning. In an

action for trademark infringement, plaintiff must establish two essential elements: (1) ownership of a distinctive mark or name, and (2) that defendant's use of a similar mark or name is likely to cause confusion as to the source of the products sold by defendant. *Gilbert/Robinson, Inc. v. Carrie Beverage-Missouri, Inc.*, 758 F. Supp. 512, 521 (E.D. Mo. 1991), *aff'd*, 989 F.2d 985 (8th Cir. 1993).

Common law trademark rights are acquired through use. The exclusive right to use a mark belongs to the first person who appropriates it and uses it in connection with a particular business. Whether a mark is entitled to trademark protection is initially analyzed by categorizing the mark as either: (1) generic, (2) descriptive, (3) suggestive, or (4) arbitrary or fanciful. *Gilbert/Robinson*, 758 F. Supp. at 522 (*citing General Mills, Inc. v. Kellogg Co.*, 824 F.2d 622, 625 (8th Cir. 1987) and *Anheuser-Busch, Inc. v. Stroh Brewery Co.*, 750 F.2d 631, 634 (8th Cir. 1984)). A strong mark is usually fictitious, arbitrary or fanciful and generally inherently distinctive. It is afforded the widest ambit of protection and does not require proof of secondary meaning. *Gilbert/Robinson*, 758 F. Supp. at 522 (*citing Hallmark Cards, Inc. v. Hallmark Dodge, Inc.*, 634 F.Supp.990, 997 (W.D. Mo. 1986). A descriptive mark is weaker, tells something about the product and is only protected when secondary meaning is shown. At the end of the spectrum are generic terms which communicate information about the nature or class of an article or service and can never become a service or trademark. *Gilbert/Robinson*, 758 F. Supp. at 522 (*citing University of Georgia Athletic Ass'n v. Laite*, 756 F.2d 1535, 1540 (11th Cir. 1985).

The Lanham Act provides a trademark owners rights and remedies for infringement of the same mark in addition to those granted under the common law. Because the ANDY'S trademark is registered under the Lanham Act, it has rights under the common law as well as additional rights under the Lanham Act. *See, Gilbert/Robinson*, 758 F. Supp. at 526 (the validity of a registration

3

does not affect a plaintiff's common law rights, for the right to exclude others arises from use – not registration).

A mark registered under the Lanham Act on the Principal Register is presumed to be valid, and "the presumption of validity is a strong one." *Lovely Skin, Inc. v. Ishtar Skin Care Products, LLC*, 745 F.3d 877, 882 (8th Cir. 2014) (*quoting Zobmondo Entm't, LLC v. Falls Media, LLC*, 602 F.3d 1108, 1115 (9th Cir. 2010)). When the U. S. Patent and Trademark Office registers a mark without asking the registrant to show that the mark has acquired secondary meaning, as was the case with Plaintiffs' ANDY'S mark, the registration is evidence that the mark is inherently distinctive, that is, suggestive, arbitrary, or fanciful. *ZW USA, Inc. v. PWD Systems, LLC,* 889 F.3d 441, 449 (8th Cir. 2018) (where plaintiff's mark was listed on the Principal Register, defendant bears the burden of showing it was not valid). As stated by the Court in *Zobmondo*:

> There can be no serious dispute with the principle that a federal trademark registration of a particular mark supports the distinctiveness of that mark, because the PTO should not otherwise give it protection. Registration alone may be sufficient in an appropriate case to satisfy a determination of distinctiveness. [*citation omitted.*] Stated another way, the federal officials who register a mark are perceived to have some expertise in assessing if it is entitled to registration, and absent a presentation of secondary meaning, their registration is entitled to a presumptive validity, a presumptive conclusion that the mark was distinctive else they would not have registered it.

602 F.3d at 1115.

Furthermore, the complaint alleges that the ANDY'S registration as incontestable. An incontestable mark may not be challenged as merely descriptive. *Park 'N Fly, Inc. v. Dollar Park and Fly, Inc.*, 469 U.S. 189, 196-98 (1985).

Defendants stress that the presumption of validity afforded to federally registered trademarks is not sufficient to satisfy Plaintiffs' pleading requirements. However, in addition to

the presumption here that the ANDY'S mark is distinctive, Plaintiffs' allegations in paragraphs are sufficient to plead the mark's distinctiveness:

1. Andy's has restaurants in 14 states, at more than 97 locations, and several more under construction. (Doc. 42, ¶ 20).
2. Andy's has spent substantial time, money and effort in developing consumer recognition and awareness of its ANDY'S brand. Through extensive, longstanding use of its ANDY'S mark, Andy's has built up significant goodwill in its services. (*Id.*, ¶ 25).
3. Andy's is the exclusive owner of federally registered and common law trademarks in ANDY'S for restaurant services, U. S. Federal Registration No. 3,097,085… (*Id.*, ¶ 26).
4. Andy's longstanding use of the ANDY'S mark and its extensive public relation and advertising efforts. (*Id.*, ¶¶ 51, 52).
5. The Andy's mark is registered and incontestable. (*Id.*, ¶ 88).
6. Defendants' use of the ANDY'S mark has created a likelihood of dilution of the ANDY'S mark distinctive quality. (*Id.*, ¶ 103).

*See, Gilbert/Robinson*, 758 F. Supp. At 522, 525 (quality of use, duration of use, continuous, extensive advertising and public acceptance of mark are evidence of distinctiveness). Accordingly, is sufficiently pleaded and Count IV is not dismissed.

### B. Count VI Violation of Missouri's Anti-Dilution Statute

Defendants argue that Count VI of Plaintiffs' complaint must be dismissed because Plaintiffs have failed to plead that their purported mark is distinctive and has acquired secondary meaning. Mo. Rev. Stat. § 417.061 provides:

> Likelihood of injury to business reputation or of dilution of the distinctive quality of a mark registered under sections 417.005 to 417.066, or a mark valid at common law, or a trade name valid at common law…shall be a ground for injunctive relief notwithstanding the absence of competition between the parties or the absence of confusion as to the source of goods or services.

To prevail on a dilution claim, a claimant must show: (1) the alleged trademark is valid at common law or registered with the Missouri Secretary of State; (2) that the alleged mark is particularly strong; and (3) that defendant's use of the challenged term creates a likelihood of

5

dilution of the distinctive quality of claimant's mark. *Gilbert/Robinson, Inc. v. Carrie Beverage-Missouri, Inc.,* 758 F. Supp. 512, 527 (E.D. Mo. 1991), *aff'd*, 989 F.2d 985 (8th Cir. 1993)) (emphasis added).

Defendants argue that § 417.061 does not provide protection for federally registered trademarks, only marks that are registered with the Missouri Secretary of State. However, this Court has previously found that Plaintiffs' ownership of a federal registration is sufficient for purposes of pursuing a claim under § 417.061. *See, Hallmark Cards, Inc. v. Hallmark Dodge, Inc.*, 634 F. Supp. 990, 1000 (W.D. Mo. 1986) (plaintiff's claims based on its federal registrations for its strong and distinctive mark can proceed under the anti-dilution statute).

Defendants additionally claim that Plaintiffs did not adequately plead that their common law mark is distinctive as required by the § 417.061. As discussed above, the Court disagrees with this argument—Plaintiffs have sufficiently pleaded that the ANDY'S mark is distinctive to survive a motion to dismiss pursuant to 12(b)(6). Defendants also argue that Plaintiffs did not adequately plead that their mark is "strong". Plaintiffs' allegations noted above, i.e., that their mark is federally registered and incontestable, essentially provide strong evidence that the mark is arbitrary, fanciful, or suggestive—in other words, that it is a "strong" mark. The other allegations identified above, in particular those in paragraphs 20, 25, 26, 51, and 52 of the complaint, also support the sufficiency of Plaintiffs' pleadings. Therefore, Plaintiffs' Count VI claim under § 417.061 is not dismissed.

## CONCLUSION

For the reasons set forth in this Order, Counts IV and VI of Plaintiffs' complaint are sufficiently pleaded to survive a 12(b)(6) motion to dismiss. Defendants' Motion (Doc. 48) is therefore **DENIED**.

6

Case 2:20-cv-04258-MDH   Document 56   Filed 06/07/21   Page 6 of 7

**IT IS SO ORDERED.**

Dated: June 7, 2021  */s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**United States District Judge**